UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE B. KARP,

                Plaintiff,                      Civil Action No. 14-14052
                                                    Honorable Sean F. Cox
                                                      Magistrate Judge David R. Grand

v.

CITIMORTGAGE, INC. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT [4]

**I.**      **RECOMMENDATION**

Plaintiff Bruce B. Karp ("plaintiff") commenced this action against Citimortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc.[1] ("MERS") (collectively "defendants") seeking to invalidate the alleged foreclosure sale of his property and compel CMI to grant him a loan modification.  Before the Court is defendants' motion to dismiss the complaint. [4].  Plaintiff filed a response, to which defendants filed a reply. [8,9].  The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the following reasons, the Court RECOMMENDS that defendants' motion [4] be GRANTED.

---

[1] Plaintiff's counsel represented that he would stipulate to MERS's dismissal from this case at a December 18, 2014 hearing before the Court.  Since the docket does not reflect any stipulation to this effect, the Court will continue to treat MERS as a party to this action.

## II.    REPORT

### A.    Background

On October 20, 2004, plaintiff and his wife (who is now deceased) executed a mortgage loan with Quicken Loans, Inc. ("Quicken") in the amount of $185,600. [4, Ex. A, B].[2]   The mortgage was secured by plaintiff's property located at 6886 Chesterfield in Waterford Township, Michigan. [*Id.*].   The mortgage listed MERS as Quicken's nominee and indicated that MERS would act as the mortgagee on behalf of Quicken and its successors and assigns. [4, Ex. A at 2].   The mortgage was duly recorded in the Oakland County Register of Deeds and provided that the mortgagee could sell the property in the event plaintiff defaulted on the mortgage. [*Id.* at ¶ 22].   MERS then assigned the mortgage to CMI on September 12, 2012. [4, Ex. C].

What happened next is not entirely clear.   Plaintiff does not acknowledge whether he ever defaulted on the mortgage and, although he admits to making an unsuccessful attempt at some form of loan modification, the record is devoid of any written correspondence between the

---

[2] A reviewing court's consideration of a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008).   Thus, assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).   However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n. 1 (6th Cir. 2010).   Moreover, if a document is not attached to a complaint or answer, but "is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335–36.   Similarly, where the plaintiff's pleadings do not refer directly to a given document, if that document governs the plaintiff's rights and is necessarily incorporated by reference, then the court may consider it without converting the motion into one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents).   In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir.2010) (quoting *Commercial Money Ctr.*, 508 F.3d at 335–36).   All of the documents referenced herein satisfy these standards.

parties substantiating these efforts.  What is clear is that CMI at some point initiated foreclosure proceedings that never culminated in a sheriff's sale. [8, at 5].  Thereafter, plaintiff filed the instant complaint in Oakland County Circuit Court asserting causes of action for wrongful foreclosure, breach of contract and fraudulent representation.  CMI timely removed the matter to this Court on October 21, 2014. [1].

In their instant motion, defendants argue that MERS should be dismissed from this case because it played no role in the foreclosure process.  With respect to the mortgage foreclosure claim, defendants maintain that plaintiff has not suffered any redressable injuries because no foreclosure sale has taken place.  Defendants also assert that the complaint fails to specify how CMI violated Michigan's foreclosure by advertisement statute.  Regarding the breach of contract claim, defendants contend that the complaint fails to identify which mortgage provisions CMI allegedly violated.  To the extent plaintiff argues that CMI breached the implied covenant of good faith and fair dealing by declining to grant him a loan modification, defendants argue that Michigan law does not recognize this cause of action.  Insofar as plaintiff purports that CMI orally promised to forego foreclosure proceedings while it reviewed his application for a loan modification, defendants maintain that these allegations are barred by the statute of frauds. Furthermore, defendants assert that the fraudulent representation claim should be dismissed because plaintiff's allegations are not sufficiently particular under Fed. R. Civ. P. Rule 9(b) and they are barred by the statute of frauds.

### B.    Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).   The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading."  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

### B.      Analysis

#### 1.   MERS Dismissal

As a preliminary matter, MERS should be dismissed as a party defendant since it is undisputed that MERS assigned the mortgage to CMI almost two years before foreclosure proceedings commenced and the complaint does not contain any allegations that MERS engaged in wrongful conduct.

#### 2.   Wrongful Foreclosure

Plaintiff's wrongful foreclosure claim lacks merit because it fails to satisfy Rule 12(b)(6)'s plausibility requirement.   Under Michigan law, a party may foreclose by advertisement when all of the following conditions are satisfied:

> (1) the mortgagee has defaulted on a condition of the mortgage, triggering the power to sell; (2) no action has been instituted at law to recover the debt that the mortgage secures; (3) the mortgage with the power of sale has been recorded properly; and (4) the foreclosing party "is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."

*Frank v. Mortgage Elec. Registration Sys., Inc.*, No. 14-13518, 2014 U.S. Dist. LEXIS 167934, at *4-5 (E.D. Mich. Dec. 4, 2014) (quoting Mich. Comp. Laws § 600.3204(1)).   "A foreclosing party is then required to provide notice of the pending sale to the mortgagee, including a calculation of the amount currently owed."   *Id.* at *5; *see* Mich. Comp. Laws 600.3212(c).

Here, the complaint merely alleges that defendant "failed to properly follow the requirements of the foreclosure process set forth in MCL 600.3201, et seq." by improperly calculating the amount currently owed on the mortgage. [1, Ex. A ¶ 23].   The complaint otherwise "presents no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been."   *Frank*, 2014 U.S.

5

Dist. LEXIS 167934, at *5.[3]

In his response, plaintiff further contends that he was entitled to a loan modification under the Home Affordable Mortgage Program ("HAMP") and CMI's internal loan modification guidelines, but that CMI nevertheless rejected his application. [8, at 11]. Although plaintiff stated that he was qualified for HAMP because his total housing debt was more than 31% of his gross income [*id.* at 9], plaintiff never alleges that he was fully eligible to participate in this program. Nor does plaintiff adequately explain how CMI erred or violated his rights in denying his loan modification application under its own internal loan modification guidelines. Thus, plaintiff's wrongful foreclosure claim should be dismissed.

### 3. Breach of Contract

Plaintiff also fails to state a claim for breach of contract. To establish a breach of contract under Michigan law, the non-breaching party must show: "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Constr., Inc.*, 296 Mich. App. 56, 71 (2012). While plaintiff asserts that both the note and the mortgage constitute valid contracts, he does not highlight the relevant provisions CMI allegedly breached. To the extent plaintiff claims that CMI breached an obligation by not modifying his loan, this contention is without merit since plaintiff cannot point to any of the terms in the note or the mortgage that discuss loan modifications, let alone obligate CMI to modify the loan.

Additionally, plaintiff cannot rely upon the premise that CMI violated an implied covenant of good faith and fair dealing because Michigan law does not recognize this cause of

---

[3] At oral argument, plaintiff's counsel was unable to explain why the outcome of this case should be different than the outcome in *Frank*, a case which involved very similar claims and arguments.

action.  *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006).  This is especially

the case where, as here, "[the] parties have unmistakably expressed their respective rights" in a

written agreement.  *Cheesewright v. Bank of Am., N.A.*, No. 11-15631, 2013 U.S. Dist. LEXIS

23672, at *13 (E.D. Mich. Feb. 21, 2013) (quoting *Cutrone v. Daimler-Chrysler Motors Co.,*

*LLC*, 160 F. App'x 215, 220 (3d Cir. 2005).  Nor is there any exception to this rule where a

financial institution is accused of "disingenuously negotiating loss mitigation assistance" with a

homeowner.  *Servantes v. Caliber Home Loans, Inc.*, No. 14-13324, 2014 U.S. Dist. LEXIS

170667, at *1-2 (E.D. Mich. Dec. 10, 2014).

Pointing to alleged oral representations by CMI does not help plaintiff overcome the

instant motion to dismiss.  Assuming CMI orally promised to modify the loan, these statements

are barred by the statute of frauds.  Mich. Comp. Laws § 566.132(2) states that:

> An action shall not be brought against a financial institution to enforce any
> of the following promises or commitments of the financial institution
> unless the promise or commitment is in writing and signed with an
> authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or
> make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay
> in repayment or performance of a loan, extension of credit, or other
> financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of
> credit, or other financial accommodation.[4]

Pursuant to section 566.132(2), Michigan courts have held that "any agreement to modify a loan,

waive a loan provision, or to provide any other financial accommodation must be in writing and

signed by the financial institution."  *Frank*, 2014 U.S. Dist. LEXIS 167934, at *9 (citing *Crown*

---

[4] CMI is a "financial institution" for purposes of the statute of frauds because it is an affiliate of a
national chartered bank.  *See* Mich. Comp. Laws § 566.132(3).

*Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 549 (2000)).  Plaintiff does not allege that CMI made a written promise to modify his loan that was signed by one of its authorized agents.  As a result, his breach of contract claim should be dismissed.

### 4.  *Fraudulent Misrepresentation*

Finally, plaintiff's fraudulent misrepresentation claim is unavailing because he failed to plead this claim with sufficient particularity.  "In alleging fraud or mistake," Fed. R. Civ. P. 9(b) provides that, "a party must state with particularity the circumstances constituting fraud or mistake."  Interpreting this requirement, the Sixth Circuit has held that complaints alleging fraud must specify "the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007); *see also Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014).

Under Michigan law, a fraud claim must contain allegations: "(1) that defendants made a material misrepresentation; (2) that it was false; (3) that when they made it they knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that they made it with the intention that it should be acted upon by plaintiffs; (5) that plaintiffs acted in reliance upon it; and (6) that they thereby suffered injury."  *Frank*, 2014 U.S. Dist. LEXIS 167934, at *12 (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976)).  In this case, the complaint does not indicate what representations were made, who made them, when and how they were made, and how plaintiff reasonably relied upon them.  Only in his response does plaintiff attempt to elaborate upon this claim by stating that he "initiated loan modification proceedings by working with CMI on modification negotiations; and that plaintiff's

requests for a modification were denied." [8, at 11].  These supplemental allegations, however, do not satisfy the elements of fraud in light of Rule 9(b)'s particularity requirement.

As with the breach of contract claim, the statute of frauds equally applies to the instant cause of action.  *Frank*, 2014 U.S. Dist. LEXIS 167934, at *13 ("like plaintiffs' breach of contract claim, any misrepresentation arising out of an oral promise of a loan modification is barred by the statute of frauds as such promises must be in writing.") (citing *Polidori v. Bank of Am., N.A.*, 977 F.Supp.2d 754, 763 (E.D. Mich. 2013)) (dismissing fraud claim based on an alleged oral promise to modify a loan because the plaintiff "failed to plead facts or present evidence tending to show that BANA signed a loan modification document embodying the oral promise alleged.").  Thus, even if CMI orally misrepresented that it would modify plaintiff's loan, such representations are barred by the statute of frauds.  *See* Mich. Comp. Laws § 566.132(2).  Accordingly, the fraudulent misrepresentation claim should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that defendants' motion to dismiss plaintiff's complaint [4] be GRANTED.


Dated: January 23, 2015                    s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge


## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated: January 23, 2015